MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:     2014 ME 71
Docket:       Pen-13-509
Argued:       May 14, 2014
Decided:      May 29, 2014

Panel:        SAUFLEY, C.J., and ALEXANDER, SILVER, MEAD, GORMAN, and JABAR, JJ.

## IN RE K.S.

ALEXANDER, J.

[¶1]  The mother of K.S. appeals from a jeopardy order, 22 M.R.S. § 4035 (2013), entered in the District Court (Bangor, *Campbell, J.*) finding that the mother's former husband, S.S., (1) is K.S.'s de facto parent, (2) placed K.S. in jeopardy, and (3) is entitled to reunification services, 22 M.R.S. § 4041 (2013). The mother, supported by the Maine Department of Health and Human Services (DHHS), contends that the court erred in applying the de facto parenthood doctrine in a child protection proceeding, 22 M.R.S. §§ 4001 to 4099-H (2013), and that the former husband is not entitled to any reunification services or other rights regarding K.S.  We affirm the District Court's order.

## I.  CASE HISTORY

[¶2]  The mother and S.S. married in 2001 and have two biological children together.  During a separation, the mother conceived K.S.  The mother and S.S. later reconciled.  Although S.S. is not K.S.'s biological father, S.S. was present at K.S.'s birth and has acted in all respects as if he were K.S.'s father since her birth.

2

After K.S.'s birth, the mother and S.S. permanently separated, and the mother left the family home. K.S. and her two half-siblings remained in S.S.'s care.

[¶3] S.S. filed for divorce in 2011 pursuant to 19-A M.R.S. § 901 (2013). While the divorce was pending, DHHS filed a petition for a child protection order, 22 M.R.S. § 4032, on behalf of K.S. and her two half-siblings, alleging that both the mother and S.S. placed the children in jeopardy. In accordance with good practice, the court considered the divorce action concurrently with the child protective action.

[¶4] The jeopardy hearing and the divorce hearing were held at the same time. In each proceeding, the issue of S.S.'s relationship to K.S. was before the court. In the divorce proceeding, the only other issue in dispute related to property division. In the jeopardy proceeding, the mother consented to a jeopardy order as to herself.

[¶5] After the hearing, the court issued two judgments. In the divorce judgment, the court found that S.S. was K.S.'s de facto parent.[1] It then proceeded to grant the divorce and address the parental rights and property division issues within the divorce context. In the jeopardy order, the court also found that S.S. was K.S.'s de facto parent. It further found that S.S. had placed all three children

[1] The court found that S.S. was K.S.'s de facto parent prior to our decision in *Pitts v. Moore*, 2014 ME 59, --- A.3d ---, which provided guidance for determining qualification for de facto parent status.

in jeopardy, awarded DHHS custody of the children, and ordered DHHS to provide reunification services to attempt to improve S.S.'s relationship with all three children, including K.S. The mother appealed the jeopardy order against S.S. but did not appeal the divorce judgment.

## II. LEGAL ANALYSIS

[¶6] As we stated in *Pitts v. Moore*, "[a] determination that a person is a de facto parent means that he or she is a parent on equal footing with a biological or adoptive parent." 2014 ME 59, ¶ 30, --- A.3d ---. This means that, once a party is determined to be a de facto parent, he or she has the same fundamental rights as the biological or adoptive parent. A de facto parent is "a parent for all purposes," including child protection proceedings. *Id.* ¶¶ 32, 34.

[¶7] In this case, the court found in the divorce action that S.S. is K.S.'s de facto parent. That judgment was not appealed and is a final judgment. Its determination that S.S. is K.S.'s de facto parent governs this and any other case where S.S.'s parental rights regarding K.S. may be at issue. As K.S.'s de facto parent, S.S. has the same status as any biological or adoptive parent. He is, accordingly, entitled to the same rights as the mother, including reunification efforts, if appropriate, pursuant to the Child and Family Services and Child

Protection Act.[2] *See* 22 M.R.S. §§ 4036-B(4), 4041(2). Furthermore, there is sufficient evidence in the record to support the finding of jeopardy.

The entry is:

Judgment affirmed.

**On the briefs:**

Wendy D. Hatch, Esq., Waterville, for appellant mother

Janet T. Mills, Attorney General, and Ariel Gannon, Asst. Atty. Gen., Office of the Attorney General, Augusta, for appellee Department of Health and Human Services

**At oral argument:**

Wendy D. Hatch, Esq., for appellant mother

Ariel Gannon, Asst. Atty. Gen., for appellee Maine Department of Health and Human Services

Bangor District Court docket number PC-2013-12
FOR CLERK REFERENCE ONLY

---

[2] The mother's main contention on appeal is that S.S. should not be permitted to reunify with K.S. because to do so violates the mother's fundamental rights as a parent. Because S.S. has been determined to be a parent in the final divorce judgment, the mother's claim is without merit.